UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BANKRUPTCY EXCHANGE, INC.,

                Appellant,

v.                                   **DECISION AND ORDER**
                                                 08-CV-337S

ELEANOR LANGLANDS,

                Appellee.

## I. INTRODUCTION

This is an appeal from an order of the Bankruptcy Court, Western District of New York, setting aside the sale of Debtor Deborah J. Langlands' undivided interest in her residence. The Chapter 7 Trustee sold Deborah J. Langlands' interest in her residence, which she co-owned with her mother, Appellee Eleanor Langlands, (hereinafter "Langlands") to Appellant Bankruptcy Exchange, Inc. (hereinafter "Bankruptcy Exchange"). The Bankruptcy Court found that Eleanor Langlands was entitled to notice of the sale by virtue of being rendered a "creditor" by the combination of 11 U.S.C. § 101(5), § 101(10), § 102(2) and New York law. Because this Court agrees, it will affirm the decision of the Bankruptcy Court.

## II. BACKGROUND

Deborah Langlands (hereinafter "Debtor"), filed her Chapter 7 Bankruptcy Petition on May 11, 2005. On Schedule A of that petition, Debtor listed her interest in her residence located at 1450 Orchard Park Road, West Seneca, New York, held jointly with her mother, Appellee Eleanor Langlands.[1]

On March 22, 2006, the Chapter 7 Trustee filed a Notice of Intent to Sell, pursuant to which the Trustee sought to sell the Debtor's interest in her residence, subject to certain encumbrances, to Bankruptcy Exchange. Of the $12,500.00 sales price, $10,000.00 was applied to the Debtor's homestead exemption, leaving $2,500.00 of the sales price available for distribution to the Debtor's creditors. Eleanor Langlands was not listed as a party to be served with the Trustee's notice of his intention to sell the property.[2]

On November 9, 2007, Langlands filed a motion seeking to vacate the sale of the residence based on the Trustee's failure to give her notice of the proposed sale. The Bankruptcy Court held several hearings and provided the parties with numerous opportunities for written submissions and responses to address the issue of whether or not Langlands was entitled, as co-owner of the Debtor's residence, to notice of the Trustee's sale of the Debtor's undivided interest in the co-owned property.[3]

---

[1] Debtor's Petition was not made part of the record. However, in Appellant's Brief (Docket No. 5) as well as in Appellee's Brief (Docket No. 6), the parties state that the Debtor's interest in her residence was listed on Schedule A of her bankruptcy petition as a joint tenancy with her mother, Eleanor Langlands. Neither the existence of Langlands' interest in the subject real property nor the character of Langlands' interest are in dispute.

[2] Bankruptcy Exchange asserts that the Notice was served upon the Debtor, Debtor's counsel, the United States Trustee, Bankruptcy Exchange and all creditors on the matrix. Eleanor Langlands was not among those listed to receive service. (Appellee's Brief p. 6, Docket No. 6).

[3] See Attachments to Notice of Appeal (Docket Nos. 1 and 2).

On April 2, 2008, the Bankruptcy Court entered its Opinion and Order, joined in for the sake of uniformity by the Honorable Carl Bucki, Chief Bankruptcy Judge for the Western District of New York.

## III. DISCUSSION

### A. Standard of Review

Under its appellate jurisdiction, this Court will conduct a *de novo* review of the law, as the facts are essentially undisputed. *In re Porges,* 44 F.3d 159, 162 (2d Cir. 1995); *Teufel v. Schlant,* No. 02-CV-81S, 2002 WL 33008689, *4 (W.D.N.Y. Sept. 25, 2002).

### B. Appellate Standing of Eleanor Langlands

Bankruptcy Exchange challenges Langlands' standing to move to set aside the Bankruptcy Court's order. Bankruptcy Exchange argues that Langlands is neither an interested party nor a creditor and was not injured by the sale of the Debtor's interest in the co-owned real property.

Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205 (1975). The Bankruptcy Court below found that, as a creditor, Langlands was entitled by statute to notice of the Trustee's sale and that she did not receive such notice. As such, Langlands' motion to set aside the Trustee's sale fell within the zone of interests protected by the law at issue. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 475, 102 S.Ct. 752, 760 (1982)(to have standing,

3

plaintiff's complaint must fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question).  Because Fed. R. Bankr. P. 2002(a)(2) applicable through Fed. R. Bankr. P. 6004, states that "creditors" are among the class entitled to notice of the Trustee's proposed sale and because Langlands fits within that class, she had standing to file the motion to vacate the sale when notice of the sale was not provided to her.

**C.    Langlands is a "creditor" of the Debtor by virtue of the Bankruptcy Code and New York law.**

The following definitions within the Bankruptcy Code, which are pertinent to this appeal, apply:

11 U.S.C. § 101(10) states that the term "creditor" means...(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

11 U.S.C. § 101(15) states that the term "entity" includes: [a] person...

11 U.S.C. § 101 (5) states that the term "claim" includes:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

4

Under New York law, Langlands' claim against the Debtor exists by virtue of the co-tenancy that existed at the time of the filing of the Debtor's bankruptcy petition. Pre-petition, the real property in question was held by the Debtor and Langlands as joint tenants. A joint tenancy is created when two parties "take and hold as though they together constituted one person...The four unities of (1) time - that they acquire their interests at the same moment, (2) title - that they acquire their interests by the same deed or will, (3) interest - that each have an interest identical with the interest of each of the other co-tenants, and (4) possession - that they each be entitled to the common possession of the entire property grow out of this one essential, the fictitious unity of the tenants, they holding together as though they were one." *Moore Lumber Co., v. Behrman*, 259 N.Y.S. 248, 249 (1932)(citation omitted). "Joint tenancy is an estate held by two or more persons jointly, with equal rights to share in its enjoyment during their lives, and having as its distinguishing feature the right of survivorship or *jus accrescendi*." *Cortelyou v. Dinger*, 310 N.Y.S.2d 764, 767 (1970)(citations omitted). Such right entitles the last surviving joint tenant to take the entire estate. *Gotte v. Long Island Trust Co.,* 518 N.Y.S.2d 991 (1987).

Bankruptcy Exchange asserts that Eleanor Langlands' legal and equitable interest in the co-owned property after the trustee's sale was not different from her legal and equitable rights before the filing of the petition. Pursuant to well-established New York law, this is not the case. As stated above, a joint tenancy requires all four unities to be present. "If any one of these elements is lacking, the estate will not be a joint tenancy." *Id.* Given that the trustee's interest arose by virtue of the creation of the bankruptcy estate some time

*after* the joint tenancy was established and did not arise from the initial conveyance to Langlands and Debtor, at least two of the four unities as between the Trustee and Langlands did not exist. Upon the creation of the bankruptcy estate, the Trustee and Langlands held the property as tenants-in-common.[4]

As co-tenants holding property pre-petition, Debtor and Langlands enjoyed certain rights with regard to their interests by virtue of their common entitlement to possession of the entire property. Further, "any item of rent received by a co-tenant, in excess of his share of the income of the property, is an equitable charge against his interest and any expenditure made by a co-tenant, in excess of his share of the obligation, is a charge against the interests of his co-tenants; the respective interests of the parties in the property are deemed to be reduced or increased. Each tenant in common holds a contingent interest in the entire title until all equities relating to the tenancy are adjusted." *Goergen v. Maar*, 153 N.Y.S.2d 826 (1956).

Prior to the Bankruptcy filing, Langlands held a contingent interest in the entire property, necessarily including the Debtor's undivided one-half interest. This contingent interest includes certain rights, as stated by the Bankruptcy Court below, and includes an enforceable right to payment, *i.e.* a charge against the interest of the Debtor. *See Tenzer v. Tucker,* 584 N.Y.S.2d 1006, 1009 (1992). According to New York law, Langlands is

---

[4] Because a corporation cannot provide a survivorship interest to its co-tenant, a corporation cannot hold property as a joint tenant. *Moore Lumber Co., v. Behrman*, 259 N.Y.S. 248 (1932). In other words, Langlands and Bankruptcy Exchange, could not hold the property as more than tenants- in-common, despite Bankruptcy Exchange's assertion to the contrary. Whether the property was held jointly or in-common *post-petition* does not pertain to the issue before this Court, which is whether Langlands was a creditor of the Debtor "at the time of or before the order for relief." 11 U.S.C. § 101(10). A voluntary bankruptcy case is commenced at the time of the filing of the Debtor's petition, which constitutes an order for relief. 11 U.S.C. § 301(a) and (b).

6

entitled to her equitable share of any down payment or equity which exists in the property, *Snyder v. Puente de Brooklyn Realty Corp.,* 746 N.Y.S.2d 517 (2002), any costs expended for repairs which are made in good faith and to benefit the premises, *Grabusch v. Jurgens,* 51 N.Y.S.2d 501 (1944), and any disparities in mortgage or tax payments, *Gasko v. Del Ventura,* 466 N.Y.S.2d 64 (1983). *But see Furnace v. Comins*, 263 A.D.2d 856, 693 N.Y.S.2d 755 (1999)(joint tenants not entitled to proceeds of insurance policy covering real property where they made no contribution toward the expenses of the property and were not expected to do so).

In *Johnson v. Home State Bank*, the Supreme Court explained that within the Bankruptcy Code, Congress intended "to adopt the broadest available definition of 'claim'", and that "'right to payment' [means] nothing more nor less than an enforceable obligation." 501 U.S. 78, 83, 111 S.Ct. 2150, 2154 (1991) (citing *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 558, 559, 563-564, 110 S.Ct. 2126, 2130-2131, 2133-2134 (1990) and *Ohio v. Kovacs*, 469 U.S. 274, 279, 105 S.Ct. 705,707 (1985). This Court finds that under New York law, Langlands had a claim against the Debtor at the time of the filing of her Chapter 7 petition and as such was a "Creditor" entitled to notice of the Trustee's sale of the Debtor's property.

## IV. CONCLUSION

For the foregoing reasons, this Court affirms the April 2, 2008 Order of the Bankruptcy Court, Western District of New York, setting aside the sale of the Debtor's undivided one-half interest in real property to Bankruptcy Exchange. This Court finds that

Eleanor Langlands was a "creditor" of the Debtor entitled to notice of the sale. Further, this Court directs that the matter be remanded to the Bankruptcy Court, Western District of New York, for proceedings consistent with this decision.

## V. ORDERS

IT HEREBY IS ORDERED, that the Order of the Bankruptcy Court, Western District of New York is AFFIRMED.

FURTHER, the Appellant's appeal (Docket No. 1) is DENIED and DISMISSED.

FURTHER, that this matter is remanded to the Bankruptcy Court, Western District of New York, for further proceedings consistent with this decision.

FURTHER, that the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:     September 10, 2009
           Buffalo, NY

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge